IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ERIC EHMANN,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

MCKINLEY PAPER AND
PACKAGING COMPANY,

    Defendant.

Case No.: _____

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant, McKinley Paper and Packaging Company, ("McKinley") by and through its attorneys, Amundsen Davis, LLC, and pursuant to 28 U.S.C. § 1441, *et. seq.* and 28 U.S.C. § 1332, remove the above captioned matter from the Circuit Court of Outagamie County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, Green Bay Division, and in support thereof, state as follows:

1. On September 25, 2025, Plaintiff, Eric Ehmann, on behalf of himself and all others similarly situated filed a two-count Complaint entitled *Eric Ehmann v. McKinley Paper and Packaging Company,* in the Circuit Court of Outagamie County, Wisconsin, Case No. 2025 CV 001127. (*See* Plaintiff's Notice of Electronic Filing, Summons and Complaint, attached as Exhibit 1.)

2. The Plaintiff's claims arise from his employment at Defendant's Wisconsin paper-producing facility located in Outagamie County, Wisconsin. (Ex. 1.)

3. Defendant McKinley is the only defendant named in the Complaint. (Ex. 1.)

4. In his Complaint, Plaintiff brings claims on behalf of himself and all other similarly situated employees pursuant to the Wisconsin Wage Payment and Collection Law (WWPCL), under Fed. R. Civ. P. 23, alleging claims of unpaid overtime wages and unpaid regular wages/failure to pay an agreed-upon wage. (Ex. 1.)

5. Plaintiff's Complaint does not state a specific amount of damages being claimed; however, upon information and belief, because Plaintiff is seeking certification of a class, the amount in controversy exceeds $75,000.

6. Defendant seeks to remove this matter based upon the original jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

7. As shown below, diversity of citizenship exists, Defendant asserts a good faith basis that the amount in controversy exceeds $75,000, and removal is timely.

## ARGUMENT

8. United States District Courts have original jurisdiction over civil actions where: (1) the action is between citizens of different states and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

**Diversity of Citizenship Exists**

9. Plaintiff's Complaint was filed in the Circuit Court of Outagamie County, Wisconsin. (Ex. 1).

10. Plaintiff is currently, and was at the time of the subject incident, domiciled in, a citizen of, and a resident of the State of Wisconsin.

11. During the two (2) years immediately preceding the filing of the Complaint (the "Relevant Time Period"), the time the Complaint was filed, and at present time, Defendant, McKinley, is a citizen of the State of New Mexico and the State of Texas.

12. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13. The United States Supreme Court stated that a corporation's principal place of business is determined by the "nerve center" test. The Court explained that:

> … the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the …corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 92-93.

14. During the Relevant Time Period, the time the Complaint was filed, and at present time, Defendant, McKinley, was and is incorporated in the State of New Mexico.

15. Additionally, during the Relevant Time Period, at the time the Complaint was filed, and at present time, Defendant, McKinley, maintained its principal place of business in the State of Texas.

16. Accordingly, McKinley is deemed a citizen of the State of New Mexico and the State of Texas.

17. Complete diversity of citizenship exists between Plaintiff and Defendant.

3

**The Amount in Controversy Exceeds $75,000**

18. Plaintiff's Complaint seeks damages on behalf of a class of similarly situated employees including "[a]ll current and former hourly-paid employees of [McKinley] who, at any time between September 25, 2023, and the date of final judgment, worked at the facility in the State of Wisconsin and recorded their hours worked utilizing the Wisconsin facility's electronic timekeeping system." (Ex. 1, ¶85.)

19. Plaintiff's Complaint further alleges that there are over one hundred (100) class members. (*Id.* at ¶ 87.)

20. Based on the foregoing, Plaintiff is seeking in excess of $75,000 in damages.

21. As such, the amount in controversy exceeds the jurisdictional amount for diversity. 28 U.S.C. § 1332(a).

**Removal is Timely Filed**

22. Removal must be effectuated within (30) thirty days of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The time period set forth in §1446 is mandatory and should be strictly construed. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir. 1982).

23. Plaintiff filed his Complaint on September 25, 2025. (Ex. 1).

24. Service was achieved on Defendant, McKinley, on October 3, 2025. (*See* Process Server Delivery Details, attached as Exhibit 2.)

25. As such, Defendant properly filed its Notice of Removal within the applicable thirty-day period, on or before November 3, 2025, pursuant to 28 U.S.C. § 1446(b).

26. As required by 28 U.S.C. §1446(d), Defendant will promptly serve upon Plaintiff's counsel and file with the Circuit Court of Outagamie County a true and correct copy of this Notice.

27. As required by 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant in this action is attached hereto. (*See* Ex. 1.)

28. By removing this action, Defendant does not waive any defenses available to it.

29. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

30. This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, based upon the grounds for removal set forth above, Defendant, McKinley Paper and Packaging Company, by Amundsen Davis, LLC, has filed this Notice of Removal, removing the instant action from the Circuit Court of Outagamie County, Wisconsin to this Court for all further proceedings. Defendant prays for all further and other relief this Court deems proper and just.

Dated October 23, 2025.	Respectfully submitted,

/s/ *Craig A. Kubiak*
Craig A. Kubiak – Bar Number: 1019273
Attorney for McKinley Paper and
Packaging Company
Amundsen Davis, LLC
2800 E. Enterprise Avenue
Appleton, WI 54913
Telephone: (920) 750-5049
E-Mail: ckubiak@amundsendavislaw.com