FILED
09-25-2025
Clerk of Circuit Court
Outagamie County
2025CV001127

**STATE OF WISCONSIN** **CIRCUIT COURT** **OUTAGAMIE**

Eric Ehmann vs. McKinley Paper and Packaging Company

**Electronic Filing Notice**

Case No. 2025CV001127
Class Code: Other-Contract

MCKINLEY PAPER AND PACKAGING COMPANY
540 PROSPECT STREET
COMBINED LOCKS WI 54113

Name: AC
Date: 10 / 2 / 25
Time: 11 : 06 AM / PM

Case number 2025CV001127 was electronically filed with/converted by the Outagamie County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: ce46c9**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 920-832-5131.

Outagamie County Circuit Court
Date: September 25, 2025

UNREDACTED

**EXHIBIT 1**

FILED
09-25-2025
Clerk of Circuit Court
Outagamie County
2025CV001127

STATE OF WISCONSIN CIRCUIT COURT OUTAGAMIE COUNTY

ERIC EHMANN,
on behalf of himself and
all others similarly situated,

Plaintiff,

v.

MCKINLEY PAPER AND
PACKAGING COMPANY
540 Prospect Street
Combined Locks, Wisconsin 54113

Defendant.

**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

## SUMMONS

TO: C T CORPORATION SYSTEM
301 S. BEDFORD STREET, SUITE 1
MADISON, WI 53703

AS: REGISTERED AGENT

OF: MCKINLEY PAPER AND PACKAGING COMPANY

You are hereby notified that the Plaintiff named above has filed a lawsuit against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 20 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is 320 South Walnut Street, Appleton, Wisconsin 54911, and to Plaintiff's attorney, whose address is 235 North Executive Drive, Suite 240, Brookfield, Wisconsin 53005. You may have an attorney help or represent you. If you do not provide a proper answer within 20 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 25th day of September, 2025.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
David M. Potteiger, State Bar No. 1067009
Ben J. Slatky, State Bar No. 1106892

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
Email: jwalcheske@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com
Email: bslatky@walcheskeluzi.com

FILED
09-25-2025
Clerk of Circuit Court
Outagamie County
2025CV001127

STATE OF WISCONSIN CIRCUIT COURT OUTAGAMIE COUNTY

ERIC EHMANN,
on behalf of himself and
all others similarly situated,

Plaintiff,

v.

MCKINLEY PAPER AND
PACKAGING COMPANY
540 Prospect Street
Combined Locks, Wisconsin 54113

Defendant.

**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is a class action brought pursuant to Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff Eric Ehmann against Defendant McKinley Paper and Packaging Company.

2. Plaintiff brings his claims and causes of action against Defendant on behalf of himself and all other current and former hourly-paid production employees of Defendant for purposes of obtaining relief under the WWPCL for unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3. Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid employees of Defendant for all

hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant, in violation of the WWPCL.

4. Defendant's deliberate failure to compensate its hourly-paid employees for all hours worked and work performed each workday and each workweek was intentional, willful, and violated state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to Wis. Stat. §§ 753.03 and 801.05.

6. Under Wis. Stat. § 801.50(2)(c), venue is proper in Outagamie County because Plaintiff resides in this County and the Defendant's paper-producing facility in the State of Wisconsin is located in this County.

## PARTIES AND COVERAGE

7. Plaintiff Eric Ehmann is an adult male resident of the State of Wisconsin residing at N210 State Park Road, Appleton, Wisconsin 54915.

8. Defendant McKinley Paper and Packaging Company is a foreign business entity with a principal office address of 7850 Jefferson Street NE, Suite 250, Albuquerque, New Mexico 87109.

9. During the two (2) years immediately preceding the filing of this Complaint, Defendant operated two (2) divisions, McKinley Paper and McKinley Packaging.

10. Defendant's McKinley Paper division has three (3) paper-producing facilities located in New Mexico, Washington, and Wisconsin.

11. During the two (2) years immediately preceding the filing of this Complaint, Defendant's Wisconsin facility was located at 540 Prospect Street, Combined Locks, Wisconsin 54113.

12. Defendant's Wisconsin facility is a paper mill producing recycled containerboard and other paper products.

13. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, Plaintiff was an "employee" of Defendant, and Plaintiff was "employed" by Defendant, as those terms, and variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff worked as an hourly-paid employee at Defendant's Wisconsin facility.

15. Plaintiff brings this action on behalf of himself and all other current and former hourly-paid employees who work at, worked at, and/or were employed by Defendant in the State of Wisconsin within two (2) years of the date of this Complaint, through the date of final judgment.

16. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other current and former hourly-paid employees at Defendant were subject to Defendant's same unlawful compensation policies and practices as enumerated herein and performed similar job duties for Defendant in the State of Wisconsin.

17. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other current and former hourly-paid employees of Defendant performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge in similar job positions at the same physical location that were owned, operated, and managed by Defendant in the State of Wisconsin.

18. During the two (2) years immediately preceding the filing of this Complaint, Defendant employed more than two (2) employees.

19. During the two (2) years immediately preceding the filing of this Complaint, Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid employees.

20. During the two (2) years immediately preceding the filing of this Complaint, Defendant supervised Plaintiff's and all other hourly-paid employees' day-to-day activities.

21. During the two (2) years immediately preceding the filing of this Complaint, Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid employees.

22. During the two (2) years immediately preceding the filing of this Complaint, Defendant established Plaintiff's and all other hourly-paid employees' work schedules and provided Plaintiff and all other hourly-paid employees with work assignments and hours of work.

23. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

24. During the two (2) years immediately preceding the filing of this Complaint, Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid employees' employment-related questions, benefits-related questions, and workplace issues.

25. During the two (2) years immediately preceding the filing of this Complaint, Defendant established the terms and conditions of Plaintiff's and all other hourly-paid employees' employment.

26. During the two (2) years immediately preceding the filing of this Complaint, Defendant was responsible for compensating Plaintiff and all other hourly-paid employees for hours worked and/or work performed.

## GENERAL ALLEGATIONS

27. On or about May 26, 2025, Defendant hired Plaintiff into the position of Machine Helper at its Wisconsin facility.

28. On or about July 24, 2025, Defendant terminated Plaintiff's employment.

29. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

30. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the WWPCL.

31. On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid employees at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Wisconsin facility.

32. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees were employed by Defendant in hourly-paid job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at Defendant's Wisconsin facility.

33. During the two (2) years immediately preceding the filing of this Complaint, Defendant compensated Plaintiff and all other hourly-paid employees on a bi-weekly basis via direct deposit.

34. During the two (2) years immediately preceding the filing of this Complaint, Defendant's workweek for WWPCL purposes was Monday through Sunday.

35. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees were union employees of Defendant.

36. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all current and former hourly-paid employees at Defendant were subject to uniform written policies and procedures.

37. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all current and former hourly-paid employees at Defendant were subject to Defendant's same policy and practice of shaving time (via electronic timeclock rounding) from Plaintiff's and all other hourly-paid employees' weekly timesheets for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

38. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees at Defendant were subject to Defendant's same pay and timekeeping policies and practices.

39. During the two (2) years immediately preceding the filing of this Complaint, Defendant tracked and/or recorded Plaintiff's and all other hourly-paid employees' hours worked each workweek.

40. During the two (2) years immediately preceding the filing of this Complaint, Defendant maintained an electronic timekeeping system that Plaintiff and all other hourly-paid employees were required to use on a daily basis for timekeeping purposes.

41. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees at Defendant utilized Defendant's electronic timekeeping system on a daily basis for timekeeping purposes.

42. During the two (2) years immediately preceding the filing of this Complaint, Defendant required Plaintiff and all other hourly-paid employees to "Always punch in for the hours you are working."

43. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees at Defendant used Defendant's electronic timekeeping system to "punch in" prior to performing compensable work and "punch out" after they ceased performing compensable work each workday.

44. During the two (2) years immediately preceding the filing of this Complaint, Defendant's electronic timekeeping system recorded the exact times at which Plaintiff and all other hourly-paid employees at Defendant "punched in" and "punched out" each workday.

45. During the two (2) years immediately preceding the filing of this Complaint, Defendant's Wisconsin facility was a continuous production facility, in that its production operation does not stop between shifts.

46. During the two (2) years immediately preceding the filing of this Complaint, Defendant's hourly-paid employees were scheduled to work either twelve (12) hour shifts or eight (8) hours shifts.

47. During the two (2) years immediately preceding the filing of this Complaint, hourly-paid employees scheduled to work twelve (12) hours shifts at Defendant were assigned to a "day shift" scheduled from 5:45 a.m. to 5:45 p.m., or a "night shift" scheduled from 5:45 p.m. to 5:45 a.m.

48. During the two (2) years immediately preceding the filing of this Complaint, Defendant's hourly-paid production employees – those who were responsible for the physical production of Defendant's products – were typically assigned to twelve (12) hour shifts.

49. During the two (2) years immediately preceding the filing of this Complaint, hourly-paid employees scheduled to work eight (8) hours shifts at Defendant were assigned to first shift scheduled from 7:00 a.m. to 3:00 p.m., second shift from 3:00 p.m. to 11:00 p.m., or third shift from 11:00 p.m. to 7:00 a.m.

50. During the two (2) years immediately preceding the filing of this Complaint, Defendant's hourly-paid maintenance employees were typically assigned to eight (8) hour shifts.

51. During the two (2) years immediately preceding the filing of this Complaint, Defendant did not utilize any manner of bell(s), whistle(s), or other method of audibly or visually informing its hourly-paid employees when one shift was ending and another was beginning.

52. During the two (2) years immediately preceding the filing of this Complaint, and in order to ensure Defendant's continuous production operations, Defendant's hourly-paid production employees had "partners," or hourly-paid production employees that they switched with at the start/end of their scheduled shift, such that when an hourly-paid production employee leaves, another takes his or her place and continues Defendant's production operation.

53. During Plaintiff's orientation at Defendant, Defendant notified Plaintiff and those present that while it was not *required*, the general expectation was that employees arrived at work approximately fifteen (15) minutes early (before their scheduled shift start times).

54. During Plaintiff's training at Defendant, Defendant stated its expectation that he and all other employees arrive for work early (before their scheduled shift start times) because they need to be ready, have their areas prepped, and have all supplies to perform their assigned tasks for the day by the start of their scheduled shifts, such that they have relieved their "partners" and are already performing their assigned tasks by their scheduled shift start time.

55. In accordance with Defendant's continuous production operations and its expectations as set forth in Paragraph 53 and 54, above, during the two (2) years immediately

preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees at Defendant routinely arrived at Defendant prior to their scheduled shifts, "punched in" via Defendant's electronic timekeeping system, and immediately began performing compensable work.

56. During his employment at Defendant, Plaintiff's normal, customary, or typical daily routine prior to his scheduled shift start time was as follows: he arrived to work and entered Defendant's building through the front entrance; he "punched in" via Defendant's electronic timekeeping system, which was located in the hallway leading to the production floor; and he immediately began performing compensable work before his scheduled shift start time, such as "cutting cores," prepping his work area, speaking with supervisors, speaking with his "partner," which is the employee he was relieving upon his arrival, and other related duties.

57. The work performed between the time at which Plaintiff "punched in" and the start of his scheduled shift was necessary to the performance of his job duties and responsibilities.

58. In accordance with Defendant's expectations as set forth in Paragraphs 53 and 54, above, Plaintiff's normal or customary daily routine prior to his scheduled shift start time as stated in Paragraph 56, above, was similar to that of all other hourly-paid employees, in that said employees typically and routinely arrived to work at Defendant, "punched in" via Defendant's electronic timekeeping system, and commenced their work duties for the workday prior to their scheduled shift start times at the direction, expectation, and/or knowledge of Defendant.

59. Indeed, during Plaintiff's employment at Defendant, hourly-paid employees who arrived at Defendant more than fifteen (15) minutes prior to their scheduled shift start time routinely waited until fifteen (15) minutes prior to their scheduled shift start time to "punch in," at which point they began performing compensable work prior to their scheduled shift start time.

60. That hourly-paid production employees who arrived more than fifteen (15) minutes prior to their scheduled shift start times waited to "punch in" until fifteen (15) minutes prior was

in accordance with Defendant's written policies that stated, "Do NOT Punch In Before 5:30," and "**5:29 is too early to punch in; wait until 5:30**." (emphasis original).

61. Similarly, that hourly-paid maintenance employees who arrived more than fifteen (15) minutes prior to their scheduled shift start times waited to "punch in" until fifteen (15) minutes prior was in accordance with Defendant's written policies that stated, "Do NOT Punch In Before 6:45," as an example in relation to the first shift start time of 7:00 a.m.

62. During the two (2) years immediately preceding the filing of this Complaint, Defendant's timekeeping and compensation practices applicable to Plaintiff and all other hourly-paid employees at the beginning of their shifts each workday was to round said employees' actual hours worked and/or work performed as recorded, reflected, and represented via its electronic timekeeping system to the nearest quarter hour.

63. Defendant's written policies showed the operation of its rounding practice on hourly-paid production employees' hours worked and compensation: "5:45 START Time: *5:30 – 5:59 all round to 5:45 Start*. This means you begin receiving pay for your shift at the 5:45."

64. Similarly, Defendant's written policies showed the operation of its rounding practice on hourly-paid maintenance employees' hours worked: "IN Punches: 6:45 – 6:59 AM Round to 7:00 AM."

65. As a result of Defendant's timekeeping and compensation practices, if Plaintiff or any other hourly-paid production employee complied with Defendant's expectations and arrived to work early, "punched in" at any point between 5:30 and 5:44, and began performing compensable work prior to their 5:45 scheduled shift start time, their punch time would be rounded forward to 5:45 and they would not be compensated for any work performed prior thereto.

66. Similarly, as a result of Defendant's timekeeping and compensation practices, if any hourly-paid maintenance employees complied with Defendants' expectations and arrived to

work early, "punched in" at any point between 6:45 a.m. and 6:59 a.m.," and began performing compensable work prior to their 7:00 a.m. scheduled shift start time, their punch time would be rounded forward to 7:00 a.m. and they would not be compensated for any work performed prior thereto.

67. Such timekeeping and compensation practices resulted in Defendant shaving time from Plaintiff's and all other hourly-paid employees' timesheets each workday and each workweek for pre-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

68. During the two (2) years immediately preceding the filing of this Complaint, Plaintiff and all other hourly-paid employees at Defendant performed compensable work until such time that they "punched out" via Defendant's electronic timekeeping system at the end of their shifts each workday.

69. During the two (2) years immediately preceding the filing of this Complaint, and in accordance with Defendant's continuous production operation, hourly-paid production employees could not stop performing compensable work until such time that they were relieved of duty by their "partners."

70. During the two (2) years immediately preceding the filing of this Complaint, the earliest that an hourly-paid production employee could potentially "punch out" was 5:43, or two (2) minutes prior to his/her scheduled shift end time.

71. During the two (2) years immediately preceding the filing of this Complaint, Defendant's written policies applicable to Plaintiff and all other hourly-paid production employees stated that "punching out" at "5:42 or earlier begins docking time."

72. During the time period relevant hereto, Plaintiff's normal or customary daily routine prior to "punching out" was to speak with and provide necessary information to his

oncoming "partner," immediately "punch out" via Defendant's electronic timekeeping system, and leave Defendant's premises.

73. During the time period relevant hereto, Plaintiff's normal or customary post-shift activities or work performed each workday as stated in Paragraph 72, above, were similar to those of all other hourly-paid employees at Defendant, in that said employees typically and routinely finished performing their work-related duties for the day immediately prior to "punching out" via Defendant's electronic timekeeping system but after their scheduled shift end times at the direction, expectation, and/or knowledge of Defendant.

74. During the two (2) years immediately preceding the filing of this Complaint, Defendant's timekeeping and compensation practices applicable to Plaintiff and all other hourly-paid employees at Defendant at the end of their shifts each workday was to round said employees' actual hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system to their scheduled shift end times.

75. Defendant's written policies showed the operation of its rounding practices on hourly-paid production employees' hours worked and compensation in this regard: "5:45 END Time: 5:43 – 6:00 all round to 5:45 End."

76. Similarly, Defendant's written policies showed the operation of its rounding practices on hourly-paid maintenance employees' hours worked and compensation in this regard: "3:00 END time: 3:00 – 3:15 all round to 3:00 End."

77. As a result of Defendant's timekeeping and compensation practices, if Plaintiff or any other hourly-paid production employee "punched out" at any point between 5:46 and 6:00, their punch time would be rounded backward to 5:45 and they would not be compensated for any work performed subsequent thereto.

78. Similarly, as a result of Defendant's timekeeping and compensation practices, if any hourly-paid maintenance employees "punched out" at any point between 3:01 p.m. and 3:15 p.m., their punch time would be rounded backward to 3:00 p.m. and they would not be compensated for any work performed subsequent thereto.

79. Such timekeeping and compensation practices resulted in Defendant shaving time from Plaintiff's and all other hourly-paid employees' timesheets each workday and each workweek for post-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

80. During the two (2) years immediately preceding the filing of this Complaint, Defendant's uniform timekeeping and compensation policies and practices failed to compensate Plaintiff and all other hourly-paid employees at Defendant for work performed each workday as described herein despite Defendant having an actual and accurate record of said employees' pre-shift and post-shift hours worked and/or work performed via its electronic timekeeping system.

81. During the two (2) years immediately preceding the filing of this Complaint, Defendant knew and/or was aware that its uniform timekeeping and compensation policies and practices failed to compensate Plaintiff and all other hourly-paid employees at Defendant for all pre-shift and post-shift compensable work performed as described herein despite having a record of all hours worked and work performed each workday and each workweek via its electronic timekeeping system.

82. During the two (2) years immediately preceding the filing of this Complaint, Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid employees at Defendant for all hours actually worked and/or work performed each workday and each workweek, including but not limited to, at an overtime rate of pay.

83. During the two (2) years immediately preceding the filing of this Complaint, Defendant's uniform policies and practices unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid employees at Defendant when compensable work commenced and ceased each workday.

84. During the two (2) years immediately preceding the filing of this Complaint, and during workweeks when no overtime was due, if any, Defendant uniformly suffered or permitted Plaintiff and all other hourly-paid employees at Defendant to work without being paid appropriate and lawful compensation for all hours worked and/or work performed each workday and each workweek.

## RULE 23 CLASS ALLEGATIONS

85. Plaintiff brings this action on behalf of himself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former hourly-paid employees of Defendant who, at any time between September 25, 2023, and the date of final judgment, worked at Defendant's facility in the State of Wisconsin and recorded their hours worked utilizing the Wisconsin facility's electronic timekeeping system.

86. The members of the Rule 23 Class are readily ascertainable. The number and identity of the members of the Rule 23 Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Rule 23 Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names, mailing addresses, telephone numbers, and email addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

87. The proposed Rule 23 Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties

and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of the Rule 23 Class.

88. Plaintiff's claims are typical of those claims which could be alleged by any members of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 Class in separate actions. All of the members of the Rule 23 Class were subject to the same policies and practices of Defendant, as alleged herein. Defendant's uniform policies and practices affected all members of the Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 Class. Plaintiff and other members of the Rule 23 Class sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

89. Plaintiff is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class. Plaintiff is represented by counsel who are experienced and competent in class action litigation and employment litigation and have previously represented hundreds of plaintiffs in wage and hour cases.

90. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual members of the Rule 23 Class are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Rule 23 Class to redress the wrongs done to them.

91. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Rule 23 Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

92. Defendant has violated the WWPCL regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint with a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

93. There are questions of fact and law common to the Rule 23 Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Rule 23 Class arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Rule 23 Class is compensable under Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Rule 23 Class to perform work for their benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiff and the Rule 23 Class for all work Defendant suffered or permitted them to perform each workday and each

workweek; and (4) The nature and extent of class-wide injury and the measure of damages for the injury.

94. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime Wages**
**(Plaintiff, on behalf of himself and the Rule 23 Class)**

95. Plaintiff, on behalf of himself and the Rule 23 Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

96. At all relevant times, Plaintiff and the Rule 23 Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

97. At all relevant times, Defendant was an employer of Plaintiff and the Rule 23 Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

98. At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Rule 23 Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

99. Throughout the Rule 23 Class Period, Plaintiff and the Rule 23 Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

100. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Rule 23 Class overtime compensation.

101. Throughout the Rule 23 Class Period, Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Rule 23 Class's timesheets for all pre-shift and post-shift hours worked and/or work performed while "punched in" via Defendant's electronic timekeeping system each workday and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Rule 23 Class for all hours worked and/or work performed each workday and each workweek at an overtime rate of pay, in violation of the WWPCL.

102. Throughout the Rule 23 Class Period, Defendant intentionally failed to compensate Plaintiff and the Rule 23 Class for all hours worked each workday and each workweek at an overtime rate of pay, in willful violation of the WWPCL.

103. Wis. Stat. § 109.03 requires payment of all wages earned by Plaintiff and the Rule 23 Class to a day not more than thirty-one (31) days prior to the date of payment.

104. The WWPCL requires employers to compensate their employees for all hours worked and does not allow or authorize employers to otherwise compensate their employees based on their rounded or approximate hours worked.

105. As set forth above, Plaintiff and the Rule 23 Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Rule 23 Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

106. Under Wis. Stat. § 109.11, Plaintiff and the Rule 23 Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

107. Plaintiff and the Rule 23 Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**SECOND CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Regular Wages / Failure to Pay an Agreed-Upon Wage**
**(Plaintiff, on behalf of himself and the Rule 23 Class)**

108. Plaintiff, on behalf of himself and the Rule 23 Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

109. At all relevant times, Plaintiff and the Rule 23 Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

110. At all relevant times, Defendant was an employer of Plaintiff and the Rule 23 Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

111. At all relevant times, Defendant employed, and continues to employ, Plaintiff and the Rule 23 Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

112. Throughout the Rule 23 Class Period, Plaintiff and the Rule 23 Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

113. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Rule 23 Class regular wages.

114. Throughout the Rule 23 Class Period, the Rule 23 Class was entitled to payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03.

115. Throughout the Rule 23 Class Period, Defendant did not compensate the Rule 23 Class for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272.

116. Throughout the Rule 23 Class Period, Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Rule 23 Class's timesheets for all pre-shift and post-shift hours worked and/or work performed while "punched in" via Defendant's electronic timekeeping system each workday and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Rule 23 Class for all hours worked and/or work performed each workday and each workweek at their regular hourly rate of pay when hours worked each workweek did not exceed forty (40), in violation of the WWPCL.

117. Throughout the Rule 23 Class Period, Defendant intentionally failed to pay Plaintiff and the Rule 23 Class compensation for all hours worked that did not exceed forty (40) hours in a workweek, in violation of the WWPCL.

118. Wis. Stat. § 109.03 requires payment of all wages earned by Plaintiff and the Rule 23 Class to a day not more than thirty-one (31) days prior to the date of payment.

119. The WWPCL requires employers to compensate their employees for all hours worked and does not allow or authorize employers to otherwise compensate their employees based on their rounded or approximate hours worked.

120. As set forth above, Plaintiff and the Rule 23 Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Rule 23 Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

121. Under Wis. Stat. § 109.11, Plaintiff and the Rule 23 Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

122. Plaintiff and the Rule 23 Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

b) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and the Rule 23 Class damages in the form of reimbursement for agreed-upon wages and overtime wages and/or for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the WWPCL;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and the Rule 23 Class liquidated damages pursuant to the WWPCL, in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiff and the Rule 23 Class for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and the Rule 23 Class with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 25th day of September, 2025.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
David M. Potteiger, State Bar No. 1067009
Ben J. Slatky, State Bar No. 1106892

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
Email: jwalcheske@walcheskeluzi.com
Email: dpotteiger@walcheskeluzi.com
Email: bslatky@walcheskeluzi.com